Honorable Christopher M. Alston
Chapter 7
Location: Seattle

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | No. 17-14070 |
| REYNALDO VINLUAN, | |
| Debtor. | |
| EDMUND J. WOOD, Trustee of the Estate of Reynaldo Vinluan, | Adv. No. |
| Plaintiff, | COMPLAINT TO AVOID SECOND POSITION LIEN |
| vs. | |
| UNITED PACIFIC MORTGAGE INC., a Washington corporation; AVENTUS INC., a Nevada corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., a Delaware corporation doing business in the State of Washington; MERSCORP HOLDINGS INC., a Delaware corporation doing business in the State of Washington; LCS FINANCIAL SERVICES CORPORATION, a Colorado corporation doing business in the State of Washington; and OCWEN LOAN SERVICING LLC, a Delaware limited liability company doing business in the State of Washington, | |
| Defendants. | |

COMES NOW the Plaintiff, Edmund J. Wood, by and through the undersigned attorney, and states and alleges as follows:

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

**COMPLAINT TO AVOID SECOND POSITION LIEN - 1**

# I. PARTIES AND JURISDICTION

1. <u>Plaintiff.</u> Plaintiff is the duly appointed and acting Chapter 7 Trustee in the Chapter 7 Bankruptcy Petition of the debtor above named. The Trustee is authorized to bring this action pursuant to §§ 502 (b)(1), 506 (d), 544 and 551 of the Bankruptcy Code and does so solely in his capacity as Trustee for the estate of Reynaldo Vinluan.

2. <u>Debtor.</u> The debtor filed the present Chapter 7 Bankruptcy Petition on September 15, 2017.

3. <u>Defendant Aventus Inc.</u> Upon information and belief, Defendant Aventus Inc. (hereinafter referred to as "Defendant Aventus") was a Nevada corporation formed on or about December 12, 2003. Upon information and belief, Defendant Aventus' corporate status with the Nevada Secretary of State was "permanently revoked" some time after the filing of its last annual report on or about February 15, 2006.

4. <u>Defendants Mortgage Electronic Registration Systems Inc. and MERSCORP Holdings Inc.</u> Upon information and belief, Defendant Mortgage Electronic Registration Systems Inc. is a Delaware corporation doing business in the State of Washington. Upon information and belief, Defendant MERSCORP Holdings Inc. is the parent company of Defendant Mortgage Electronic Registration Systems Inc. and is a Delaware corporation doing business in the State of Washington. Collectively, these Defendants are hereinafter referred to as "Defendant MERS".

5. <u>Defendant LCS Financial Services Corporation.</u> Upon information and belief, Defendant LCS Financial Services Corporation (hereinafter referred to as "Defendant LCS") is a Colorado corporation doing business in the State of Washington.

**COMPLAINT TO AVOID SECOND POSITION LIEN - 2**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 18-01026-CMA    Doc 1    Filed 03/26/18    Ent. 03/26/18 13:52:15    Pg. 2 of 6

6. <u>Defendant Ocwen Loan Servicing LLC.</u>  Upon information and belief, Defendant Ocwen Loan Servicing LLC (hereinafter referred to as "Defendant Ocwen") is a Delaware limited liability company doing business in the State of Washington.

7. <u>Jurisdiction.</u>  This adversary proceeding is one arising in the Chapter 7 case of the above named debtor now pending in this Court.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334.  This adversary proceeding is commenced pursuant to BR 7001 *et seq* and 11 U.S.C. §§ 502 (b)(1), 506 (d), 544 and 551.

8. <u>Venue.</u>  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (B), (K) and/or (O).

## II. FIRST CAUSE OF ACTION
## 11 U.S.C. § 506 (d)

9. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 8 above, inclusive as though fully set forth herein.

10. On or about December 12, 2006, the debtor executed a Note in favor of "United Pacific Mortgage, a dba of Aventus, Inc., a Nevada Corporation" in the principal amount of $54,000.00 (the "Note").

11. On or about December 14, 2006, a Deed of Trust dated December 12, 2006 was recorded against the debtor's condominium located at 303 23rd Ave S, Unit 606, Seattle, WA (APN 8726630560), legally described as:

> Unit 606 of TWENTY-THIRD & MAIN, a condominium, according to the Declaration thereof recorded under King County Recording No. 20001101000944, and any amendments thereto, and in Volume 169 of Condominiums, pages 54 through 63, records of King County, Washington

as a second encumbrance in the amount of $54,000.00 (King County Recorder's Recording No.

**COMPLAINT TO AVOID SECOND POSITION LIEN - 3**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

20061214002368) (the "Deed of Trust").

12. The Deed of Trust named Defendant Aventus as the "Lender" and Defendant MERS as both "Beneficiary" and "nominee for Lender".

13. Upon information and belief, and Plaintiff thereupon alleges, no assignment of the Deed of Trust has been recorded with the King County Recorder following the permanent revocation of Defendant Aventus' corporation good standing by the Nevada Secretary of State.

14. Notwithstanding the preceding paragraph, upon information and belief, and Plaintiff thereupon alleges, Defendant Ocwen is or was the "account's current creditor".

15. Upon information and belief, and Plaintiff thereupon alleges, the servicer engaged by either Defendant Aventus, its successors and assigns, Defendant Ocwen, or Defendant MERS is and/or was Defendant LCS.

16. Upon information and belief, and Plaintiff thereupon alleges, the debtor ceased making payments on this encumbrance in August 2010, if not earlier. Since that time, neither Defendant Aventus, Defendant MERS, Defendant Ocwen, nor the servicer, Defendant LCS, have made any effort to enforce the obligation on the Note.

17. 11 U.S.C. § 506 (d) provides "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void".

18. Pursuant to RCW 4.16.040 (1) an action upon a contract in writing is required to be commenced within six years.

19. In turn, RCW 7.28.300 provides that the record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations

**COMPLAINT TO AVOID SECOND POSITION LIEN - 4**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

and may have a judgment quieting title against such a lien.

20. Pursuant to 11 U.S.C. § 541, Plaintiff is the proper party to bring this action and has stepped into the debtor's shoes as "record owner" for the purposes of RCW 7.28.300.

## II. SECOND CAUSE OF ACTION
## 11 U.S.C. § 544

21. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 20 above, inclusive as though fully set forth herein.

22. Pursuant to 11 U.S.C. § 544, Plaintiff has, as of the commencement of the case, the power to avoid an obligation incurred by the debtor by a judicial lien creditor that extends credit to the debtor at the time of the commencement of the case.

23. Pursuant to 11 U.S.C. § 551, any transfer avoided under 11 U.S.C. § 544, or any lien void under 11 U.S.C. § 506 (d), is preserved for the benefit of the estate.

## III. THIRD CAUSE OF ACTION

24. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 23 above, inclusive as though fully set forth herein.

25. Upon information and belief, Defendant United Pacific has not endorsed the Note to Defendant Ocwen, nor the note endorsed in blank. As the transfer of the Note has not been accomplished, the Deed of Trust that purportedly secures the same should be avoided.

WHEREFORE, Plaintiff prays for judgment on this complaint, as may be amended from time to time, as follows:

a) For avoidance of the Deed of Trust in favor of Defendant(s) pursuant to 11 U.S.C. § 506 (d);

b) For avoidance of the Deed of Trust in favor of Defendant(s) pursuant to 11 U.S.C.

**COMPLAINT TO AVOID SECOND POSITION LIEN - 5**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

§ 544;

    c)    For a finding by the Court that the transfer avoided herein is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551;

    d)    For recovery of attorney fees and costs, to the extent recoverable under applicable law and the evidence submitted to the Court; and

    3)    For such further relief as this Court deems just in the premises.

DATED this 26th day of March, 2018.

                                      /s/ Kathryn A. Ellis
                                      Kathryn A. Ellis, WSBA #14333
                                      Attorney for Plaintiff

C:\Shared\KAE\Dox\Vinluan\cmp\avoidance_cmp.wpd

**COMPLAINT TO AVOID SECOND POSITION LIEN - 6**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 18-01026-CMA    Doc 1    Filed 03/26/18    Ent. 03/26/18 13:52:15    Pg. 6 of 6